State v. Martino, 25 N. M. 47.

(No. 2225.   Dec. 2, 1918.)

# STATE v. MARTINO.

### SYLLABUS BY THE COURT.

Upon the trial of one charged with unlawfully and knowingly permitting a game of chance for money to be played on premises occupied by him, the record of the information charging third persons with unlawful gaming and their pleas of guilty thereto is inadmissible as hearsay and as depriving the defendant of his constitutional right to be confronted by the witnesses against him.

Appeal from District Court, Colfax County; Leib, Judge.

Antonio Martino was convicted of knowingly permitting a game of poker to be played on the premises, and appeals. Reversed, with directions.

J. LEAHY, of Raton, for appellant.

C. A. HATCH, Asst. Atty. Gen., for the State.

### OPINION OF THE COURT.

HANNA, C. J.   Antonio Martino was cónvicted in the district court for Colfax county upon an information charging him with having committed the offense of unlawfully and knowingly permitting a game of poker, played for money, to be played upon premises occupied by him. From the sentence imposed upon him he has appealed.

In order to prove that the game was played for money, the state introduced in evidence, over appellant's objection, the judicial record of the information and pleas of guilty of the four men whom the state contended were engaged in the unlawful game of chance played upon the premises occupied by the appellant. The case of Kirby v. United States, 174 U. S. 47, 19 Sup. Ct. 574, 43 L. Ed. 890, contains a fine discussion of the principle of law applicable to the proposition raised by the appellant, and requires a reversal of the case at bar.

By virtue of the authority of that case we hold that the record of the conviction of a gambler, on his plea of guilty to an information against him for gambling for money, is not admissible to prove the gaming for money on the trial of one charged with unlawfully and knowingly permitting such game to be played upon premises occupied by him.

For the reasons stated, the judgment of the trial court will be reversed, with instructions to grant the appellant a new trial; and it is so ordered.

PARKER and ROBERTS, J.J., concur.