JESSIE DONEGAN v. THE STATE.

No. 6190.   Decided March 30, 1921.

1.—Receiving Stolen Property—Confession.

Upon trial of receiving stolen property, confessions as to the theft of the alleged stolen property were admissible, but not admissible that defendant was receiver of the stolen property. Following Watson v. State, 48 Texas Crim. Rep., 224.

2.—Same—Requested Charges—Practice on Appeal—Charge of Court.

Upon trial of receiving stolen property, the court should instruct the jury that if the defendant bought the same without knowledge of the

theft, he should be acquitted. However, the requested charges are not shown to have been presented to the court within the time required by the statutes, nor were objections made to the charge of the court as required by law. Following Basquez v. State, 56 Texas Crim. Rep., 329, and other cases.

Appeal from the District Court of Nacogdoches. Tried below before the Honorable J. M. Marshall.

Appeal from a conviction of receiving stolen property; penalty, a fine of $100 and thirty days imprisonment in the county jail.

The opinion states the case.

*S. M. Adams,* for appellant.

*R. H. Hamilton,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for receiving stolen property. A stolen pair of shoes was found in the possession of the appellant. The shoes were stolen by one Blount. He confessed the theft and stated that he had sold the shoes to the appellant. His confession made out of court was introduced against the appellant over objection. Blount's confession was admissible to prove that he was the thief, but not admissible to prove that the appellant was the receiver of the stolen property. The reception of it was an error. Watson v. State, 48 Texas Crim. Rep., 324; Branch's Ann. Tex. Penal Code, Sec. 71.

There were some special charges requested but it does not appear that they were presented to the court within the time required by the statute (Code of Crim. Procedure, Art. 737) nor were objections made to the charge of the court as required in Art. 735. On another trial, we suggest that, upon request, the court should instruct the jury that if the appellant bought the shoes without knowledge of the theft, an acquittal should result. Basquez v. State, 56 Texas Crim. Rep., 329; Woods v. State, 75 S. W., 37.

Because of the error pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*