COMMONWEALTH *vs.* CAESAR L. DONARUMA.

Suffolk.    November 8, 1926. — June 29, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Evidence*, Relevancy and materiality. *Witness*, Cross-examination. *Practice, Criminal*, Conduct of trial, Exceptions, Stenographer, Requests, rulings and instructions, Submission of pleadings to jury.

At the trial of an indictment for receiving a stolen automobile knowing it to have been stolen, there was evidence that after the theft the defendant had stated that he had bought the car from a certain man. A police inspector testified that later, in a statement voluntarily made by the defendant to him, the defendant had named a different man as one from whom he had bought the automobile. In cross-examination, the defendant's counsel asked the inspector, "Is he [the man named to the inspector] the same . . . who subsequent to the arrest was put on trial in the Superior Court last term?" "Is he the man . . . who was charged with the larceny of the identical car in question and stood trial for it, and was acquitted on said charge?" The questions were excluded. The defendant excepted. *Held*, that the exceptions must be

overruled, the evidence sought being irrelevant and the exclusion being a proper exercise of judicial discretion by the judge in the course of the cross-examination.

In the course of a colloquy, at the trial of an indictment, the defendant's counsel made some remarks which the trial judge considered improper, and the judge stated: "You made a remark in the presence of the jury last night and you got away with it and you are making a number of remarks now, to which I want to call your attention. If you persist in conducting yourself in the manner in which you do, this case will go on: you understand, this case will go on [meaning this case will go on without counsel]." The defendant excepted to the remark. *Held*, that in the circumstances it could not be said that the remark was error.

During the course of the trial of an indictment which was begun without an official stenographer being present, the defendant's counsel, desiring to make an offer of proof, requested the appointment of such a stenographer and, by order of the judge, a stenographer was appointed. After the record was completed as to the offer of proof, the stenographer was dismissed by the judge because "the case was not of sufficient intricacy to have an official stenographer take any further evidence," the judge stating to the stenographer, "I will send for you again if I need you, if any question arises." The defendant excepted to the order dismissing the stenographer. It was not contended that any material fact which could be shown by a stenographic report was omitted from the record. *Held*, that no error was shown.

An indictment against two defendants was in two counts. The first count charged them with stealing a certain automobile. The second count charged them with receiving a stolen automobile knowing it to have been stolen. At a first trial, both defendants were acquitted on the first count and one of them on the second count; as to the second defendant, the jury disagreed. At a retrial of the second count against the second defendant, he asked after the charge for a ruling "that as it appeared in evidence that the defendant received a car from . . . [the first defendant], who was charged with the larceny, but was subsequently acquitted, that fact is some evidence for the jury to consider as to whether he had notice or knowledge that the car was a stolen car." The ruling was refused. The defendant then asked that the indictment as framed should go to the jury. The judge, thereupon, detached from the indictment the caption and the first count which bore on the reverse side notations as to the result of the first trial. The defendant excepted. *Held*, that

(1) The acquittal of the first defendant properly was kept from the jury;

(2) The ruling requested properly was denied;

(3) The jury had before them the second count, which clearly described the offence with which the second defendant was charged and on which he was tried; and the course adopted by the judge was sufficiently favorable to the defendant;

(4) The judge's conduct was not an improper exercise of his discretion.

INDICTMENT, found and returned on October 11, 1924, charging Anthony Ardolino and Caesar L. Donaruma, in a first count, with theft of an automobile, and in a second count that they "one automobile . . . then lately before stolen, did buy, receive and aid in the concealment of; they the said defendants then and there well knowing the said property to have been stolen as aforesaid."

At a first trial of the indictment, Ardolino was found not guilty on both counts and Donaruma not guilty on the first count. On the second count, the jury disagreed as to Donaruma. Donaruma again was placed on trial on the second count before *Hall*, C.J. Material evidence is stated in the opinion. The colloquy in which occurred the remarks of the Chief Justice to which the defendant alleged exceptions was as follows:

"THE CHIEF JUSTICE. (To the defendant's counsel.) You can have all the exceptions you want along that line. THE DEFENDANT'S COUNSEL. I don't want all the exceptions. You are entirely too generous. I simply want such exceptions on questions that are excluded. THE CHIEF JUSTICE. You can put that down. THE DEFENDANT'S COUNSEL. I have a stenographer, your Honor, in court who takes it down. THE CHIEF JUSTICE. I will not recognize this stenographer, as she is not an official stenographer, nor will I certify for the Supreme Judicial Court." The defendant's counsel then stepped up to the bench and the Chief Justice said: "Well, inasmuch as you are insistent upon that theory, you better give me some law on it. THE DEFENDANT'S COUNSEL. In view of your Honor's attitude toward the defendant's counsel, it would be needless for me to furnish any law on the question. I will simply have to rely upon your exclusions and my exceptions. THE CHIEF JUSTICE. You better withdraw that remark. THE DEFENDANT'S COUNSEL. Very well, I will withdraw my remark. THE CHIEF JUSTICE. You made a remark in the presence of the jury last night and you got away with it and you are making a number of remarks now, to which I want to call your attention. If you persist in conducting yourself in the manner

in which you do, this case will go on: you understand, this case will go on (meaning this case will go on without counsel)."

The defendant Donaruma was found guilty and alleged exceptions.

*W. R. Scharton,* for the defendant.

*G. Alpert,* Assistant District Attorney, for the Commonwealth.

BRALEY, J. The first count of the indictment was for the larceny of an automobile of the value of $2,100, the property of one Jacob Ziskind, while the second count charged the defendants with buying, receiving, and aiding in the concealment of the automobile knowing it to have been stolen. At the first trial they were acquitted on the first count, and on the second count the defendant Anthony Ardolino was also acquitted, but the jury disagreed as to the defendant Donaruma. This result left the indictment pending on the second count, and at the second trial Donaruma was found guilty, and, sentence having been imposed, the case is here on his exceptions to alleged errors of law of the trial court. We consider the questions as classified by counsel for the defendant.

There was evidence tending to show that the car had been stolen on February 28, 1924, and that the defendant stated that thereafter he had bought the car of one Frank Reno, and had it insured in his own name, and transferred the policy to his wife under her maiden name. In a subsequent statement voluntarily made to Inspector Boucher, he said that he had bought the car from one Ardolino, who had registered the car in the name of Reno. In the cross-examination of Boucher, and as bearing upon the guilty knowledge of the defendant at the time of purchase, these questions were asked: "Is he the same Ardolino who subsequent to the arrest was put on trial in the Superior Court last term?" "Is he the man, the Ardolino who was charged with the larceny of the identical car in question and stood trial for it, and was acquitted on said charge?" The ruling excluding the questions was right. The record of the former trial of Ardolino, if it had been properly offered, was inadmissible on the question of the guilt or innocence of the

defendant. The guilt or innocence of Ardolino was not in issue. The scope of the cross-examination, moreover, was within the discretion of the trial judge, which is not shown to have been abused. *Commonwealth* v. *Sacco,* 255 Mass. 369.

During the trial, in the running colloquy in the presence of the jury between the judge and counsel for the defendant, there were observations and remarks from the bench which might have been less peremptory in expression. But the atmosphere of the trial, and the attitude of counsel, are not before us. We cannot say on the record as matter of law there was error. *Harrington* v. *Boston Elevated Railway,* 229 Mass. 421, 433, 434. *Costello* v. *Hayes,* 249 Mass. 349, 353.

By G. L. c. 221, § 82, "The justices of the Superior Court shall appoint a stenographer . . . for each of the two divisions of the session of said court held for criminal business within and for the county of Suffolk . . ." and by § 87, stenographers for criminal business in Suffolk county, upon the request of the presiding justice, the district attorney or the defendant . . . shall take stenographic notes of all the evidence given at each trial in their respective courts and of the rulings and charge of the presiding justice." It appears that when the trial began no official stenographer was present. But counsel for the defendant, being desirous of making an offer of proof concerning the admission of certain evidence, requested that an official stenographer should be present so that the rights of the defendant could be preserved. The judge thereupon ordered that an official stenographer be called, who, after taking the offer of proof and the cross-examination of Boucher, was dismissed by the judge because "the case was not of sufficient intricacy to have an official stenographer take any further evidence." "I will send for you again if I need you, if any question arises," to which order the defendant excepted. The exceptions show, in so far as material, all that took place, and it is not contended that any material fact which could be shown by a stenographic report was omitted. We are of opinion, therefore, that at a trial, as in the case at bar, where all the

material evidence has been taken by an official stenographer as requested by the defendant, the presiding judge in the exercise of sound judicial discretion may excuse the stenographer until recalled, even if the defendant contends that such stenographer should remain in attendance until the termination of the case. See St. 1927, c. 332, § 4* enacted since the present case was tried. The defendant has failed to establish error.

The judge having correctly instructed the jury that the Commonwealth was not required "to prove by whom the car was stolen," G. L. c. 277, § 42, the defendant, who had presented no requests in writing before the charge began, asked for a ruling "that as it appeared in evidence that the defendant received a car from Ardolino, who was charged with the larceny, but was subsequently acquitted, that fact is some evidence for the jury to consider as to whether he had notice or knowledge that the car was a stolen car." The judge refused and the defendant excepted. It was properly refused. *Commonwealth* v. *Hassan*, 235 Mass. 26, 31, 32. It is evident that throughout the trial the defendant endeavored to get before the jury in some form the fact that Ardolino had been acquitted, and at the conclusion of the instructions asked that the indictment as framed should go to the jury. The judge, thereupon, detached from the indictment the caption and the first count which bore on the reverse side "That the defendant and one Ardolino, mentioned in the indictment as codefendant, were arrested, pleaded not guilty, were released on bail of $1,000 each, and had been tried, and the codefendant Ardolino had been found not guilty on both counts and the defendant Donaruma had been found not guilty of the first count, to wit, larceny of the car, and the jury disagreed on the second count, to wit, receiving said car knowing same to have been stolen." It was discretionary with the judge either to deny the request of the defendant or to grant it with full

---

*By this section, the following is substituted for G. L. c. 221, § 87: "The justices of the Superior Court may make regulations not inconsistent with law relative to the assignments, duties and service of stenographers appointed for that court, and any other matter relative to such stenographers."

instructions to the jury to disregard all allegations in the first count and the entire record of the court concerning that count, and the record concerning the codefendant Ardolino, and to consider only what was charged in the second count. *Commonwealth* v. *Wingate*, 6 Gray, 485. It is apparent that in fact the jury had before them the second count, which clearly described the offence with which he was charged and on which he was tried, and the course taken was sufficiently favorable to him. No error of law appears.

*Exceptions overruled.*