PETER P. SKUDRIS, JR., administrator, *vs.* HERBERT WILLIAMS.

Suffolk.   March 6, 1934. — September 12, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & LUMMUS, JJ.

*Practice, Civil,* New trial.

No abuse of discretion appeared in the denial of a motion for a new trial of an action heard in a municipal court where it appeared that no requests for rulings of law with respect to the motion were made by the moving party, although, in the record before this court of the trial and the hearing on the motion, there appeared remarks attributed to the trial judge which might well have been less peremptory in their phrasing, more tactful in expression, less blunt and self confident in manner.

At the hearing of an action by an administrator for conscious suffering and the death of his intestate resulting from negligence of the defendant in operating an automobile, one of the plaintiff's contentions was that the defendant, while so operating, was under the influence of intoxicating liquor, which contributed to his negligence. After a finding for the defendant, the plaintiff filed a motion for a new trial on the ground of newly discovered evidence. At the hearing of the motion three witnesses testified to the effect that the defendant was under the influence of intoxicating liquor at the time in question; and the plaintiff requested rulings that the testimony of each witness was evidence that the defendant was negligent in the operation of the automobile, "which negligence caused the injuries to and the death of the plaintiff's intestate." The rulings were refused and the motion was denied, the trial judge stating that the "testimony of these witnesses would if presented at the trial, be part only of the evidence bearing upon the question of the drunkenness and negligence of" the defendant. *Held,* that

(1) The rulings requested were too broad, and there was no error in their refusal;

(2) Whatever might be the meaning of the reason stated by the judge for denying the motion, no error of law nor abuse of discretion was shown in the denial.

TORT. Writ in the Municipal Court of the City of Boston dated May 23, 1933.

The action was heard in the Municipal Court by *Dowd*, J., who found for the defendant. Further proceedings in the action are described in the opinion.

*D. M. Lyons*, (*E. L. Prague* with him,) for the plaintiff.

*J. H. Dooley*, for the defendant.

RUGG, C.J. This is an action of tort to recover compensation for the conscious suffering and death of the plaintiff's intestate alleged to have been caused by the negligent operation by the defendant of an automobile on a public way. It was tried before a judge of the Municipal Court of the City of Boston. The finding was for the defendant. No report was asked concerning the trial on the merits. It appears that there was no dispute as to the fact that the plaintiff's intestate while walking upon a public way was fatally injured because of contact with an automobile driven by the defendant. The controversy related to the circumstances and cause of that contact. One contention of the plaintiff was that the defendant was under the influence of intoxicating liquor which contributed to his negligence. The case comes before us on two appeals from final orders of the Appellate Division, the first being from an order denying a petition to establish a report concerning two motions for a new trial, and the second from an order dismissing a report allowed concerning a third motion for a new trial.

1. The allegations in the petition to establish a report, so far as material to the grounds of this decision, are these: The plaintiff filed two motions for a new trial. One was based on the grounds that the finding in favor of the defendant was (1) against the evidence, (2) against the law and (3) against the weight of the evidence; and the other on the ground of newly discovered evidence. There was a

hearing upon these motions. One Curran at the trial on the merits had testified that he saw the accident and he gave material testimony in favor of the plaintiff. During the final argument on the merits the trial judge stated, "That man Curran was not there; he is not seen by a single witness of the accident." At the hearing on the motions three witnesses testified that Curran was present at the accident. No requests for rulings of law were filed respecting these motions for new trial. The request for a report states that the hearing on these motions was held on July 7, 1933, that on July 14, 1933, counsel were notified that both were denied and that the ground for report is this: "Contending that under the circumstances of this case, the action of the trial judge in denying the plaintiff's motions for new trial was not in the exercise of a sound judicial discretion and was conduct manifesting abuse of judicial discretion, and therefore requires a review and the affording of some relief, and raises a question of law, the plaintiff being aggrieved thereby requests a report of the same to the Appellate Division for consideration." A draft report covering twenty-one printed pages of the record was filed purporting to set out all the evidence at the trial on the merits and on the motions for new trial. Respecting that request for a report and draft report it is alleged in the petition that they were disallowed without any hearing by the trial judge in a statement that at the hearing on the motions for new trial no requests for rulings were made. The petition to establish the report was denied by the Appellate Division in an opinion to the effect that no reference to prove the truth of the allegations in the petition was necessary because taking all recitals at their face value no abuse of judicial discretion is shown. It is familiar law that, when no ruling of law is requested or made touching a motion for a new trial, its disposition rests in sound judicial discretion. No question of law can be raised on such a motion which could have been raised at the trial on the merits, unless the trial judge sees fit to entertain it. No question of that nature appears in the present record. *Vengrow* v. *Grimes*, 274 Mass. 278. *Malden Trust Co.* v.

*Perlmuter,* 278 Mass. 259. The disposition of the motion based on newly discovered evidence likewise rested in sound judicial discretion. *Matter of Sleeper,* 251 Mass. 6, 22. *Commonwealth* v. *Sacco,* 259 Mass. 128, 136. *O'Neill* v. *Small,* 268 Mass. 305, 310.

The characteristics of sound judicial discretion and the line of demarcation between its exercise and abuse are set out at length in *Davis* v. *Boston Elevated Railway,* 235 Mass. 482, 494–502. They need not be repeated, rephrased or' summarized. The present petition has been examined with care in the light of the principles there stated. There are to be found on this record remarks attributed to the judge which (if truly stated) might well have been less peremptory in their phrasing, more tactful in expression, less blunt and self confident in manner. There is no occasion to recite that which is set out in the petition and the draft report. All that is criticised by the plaintiff is covered by authority. No closer approach to abuse of judicial discretion is shown in the case at bar than has been held insufficient to reach that point in other instances. *Harrington* v. *Boston Elevated Railway,* 229 Mass. 421, 432–434. *Dittemore* v. *Dickey,* 249 Mass. 95, 99, 100. *Commonwealth* v. *Donaruma,* 260 Mass. 233, 237. *National Fire Ins. Co.* v. *Goggin,* 267 Mass. 430, 437. See *Ott* v. *Board of Registration in Medicine,* 276 Mass. 566, 574.

2. The plaintiff filed a third motion for a new trial on September 22, 1933, based upon the grounds of newly discovered evidence to the effect that the defendant was under the influence of intoxicating liquor at the time of operating the automobile whereby the plaintiff's intestate was injured. At the hearing upon this motion three witnesses testified fully supporting the allegations of the motion. The plaintiff requested rulings that the testimony of each witness was evidence that the defendant was negligent in the operation of the automobile, "which negligence caused the injuries to and the death of the plaintiff's intestate." These requests were denied with the statement that the "testimony of these witnesses would if presented at the trial, be part only of the evidence bearing upon the ques-

tion of the drunkenness and negligence of Williams." The plaintiff contended that the denial of this motion was not made in the exercise of sound judicial discretion. The trial judge reported the question thus raised as to the denial of the motion and the failure to grant the rulings. The Appellate Division ordered the report dismissed. The plaintiff appealed.

The meaning of the reason stated by the trial judge for denying this motion is not quite clear. It may mean that taking all the evidence together, both that heard at the trial on the merits and that presented on the motion, the intoxication or negligence of the defendant was not proved. It may mean that the request related to a fragment of testimony only and therefore ought not to be granted. Even if the reason be accounted bad, the ruling nevertheless may be good. *Weidman* v. *Weidman*, 274 Mass. 118, 125. There was no error of law in the action taken. The requests for rulings were too broad. The fact of drunkenness, if proved, was important but not necessarily conclusive evidence of negligence. Whatever may be the probability, it is conceivable that one under the influence of liquor may act the same as one in the exercise of due care. *Bertera* v. *Cuneo*, 273 Mass. 181, 183. It could not have been ruled as matter of law that the negligence of the defendant caused the death of the plaintiff's intestate. Whether it did or not was a question of fact. The trial judge had heard testimony at the original trial on the question of the intoxication of the defendant. He may have been satisfied that the finding ought to stand notwithstanding the newly discovered evidence. *Powers* v. *Bergman*, 210 Mass. 346. *Pepper* v. *Old Colony Trust Co.* 252 Mass. 532. *Palmer* v. *Wadsworth*, 264 Mass. 18. *Madden* v. *Boston Elevated Railway*, 284 Mass. 490, 494. No abuse of judicial discretion or error of law is shown.

> *Order denying petition to establish*
> *report affirmed.*
> *Order dismissing report affirmed.*