143 P.2d 875

## STATE v. JACKSON.

### No. 4776.

Supreme Court of New Mexico.

Dec. 14, 1943.

C. M. Neal and W. D. Girand, Jr., both of Hobbs, for appellant.

Edward P. Chase, Atty. Gen., and Harry L. Bigbee, Asst. Atty. Gen., for appellee.

BICKLEY, Justice.

Sabas Aldoco was in possession of $650 in currency when he engaged in drinking and subsequently in a fight in the Club Bar in Carlsbad, New Mexico. He there lost his money and an unknown person possessed himself thereof, or of a part of the same, and gave fourteen $20 bills to one Jimmy Brown who was in the drinking place while the fight was going on.

Three of these $20 bills Brown gave to the defendant, Jackson, before leaving the Bar when asked by the defendant for his share of the money. The losing of the money, the taking possession thereof by the unknown person, the handing a portion thereof to Brown, who in turn handed three $20 bills to the defendant, all occurred while the fight was going on and Sabas Aldoco was still in the Club Bar.

Informations were filed against both Brown and the defendant, Jackson, charging them with receiving stolen money, knowing the same to have been stolen.

The defendant (appellant), Jackson, pleaded not guilty, and upon a trial was convicted by the jury and was subsequently sentenced to serve a term of not less than two years or not more than three years in the State Penitentiary.

The assignments of error are as follows:

"1. The Court erred in refusing to grant defendant's motion for an instructed verdict,

"2. The Court erred in refusing to give defendant's requested Instruction No. 2, as follows: ·

" 'You are instructed that if you believe from the evidence or have a reasonable doubt thereof that at the time the defendant received the property in question he thought the same had been lost by the original owner, you must acquit him unless you further find that he knew the original finder had taken the property into his possession intending at that time to appropriate the same to his own use and knew the owner thereof.'

"3. The Court erred in permitting the witness Jimmy Brown to testify that he had entered a plea of guilty to the same charge over the objection of the defendant."

The appellant vigorously challenges the sufficiency of evidence to produce conviction that the defendant was guilty of the offense charged, but since judgment must be reversed upon another ground and a new trial ordered, we refrain from passing on assignment of error No. 1.

As to assignment of error No. 2, we think it is without merit since the defendant was not prejudiced by the refusal of his tendered instruction. The instructions given by the trial court were adequate.

Assignment No. 3 is well taken. As we have seen, the evidence shows that Jimmy Brown and the defendant, Jackson, were both in the Club Bar when the occurrences heretofore related took place. ·

During the trial the state called for its first witness Jimmy Brown, heretofore mentioned, and the following transpired:

"Q. (By District Attorney). Are you the same Jimmy Brown who appeared this morning before the Court and withdrew a plea of not guilty and entered a plea of guilty to this charge? A. I am.

"Mr. Neal: If the Court please, we object to that question and move that the answer be stricken; there is no relation to the issues in the case before the Court.

"The Court: Overruled.

"Mr. Neal: Exception."

Upon the authority of State v. Martino, 25 N.M. 47, 176 P. 815, and case there cited; Kirby v. United States, 174 U.S. 47, 19 S. Ct. 574, 43 L.Ed. 890, we hold that the court erred in permitting this testimony to go to the jury. There is some conflict of decisions on this matter of evidence. 45 Am.Jur. "Receiving Stolen Property", Sec. 16, p. 401, where Cooper v. State, 29 Tex. App. 8, 13 S.W. 1011, 25 Am.St.Rep. 712, is cited contra the view expressed by the Supreme Court of the United States in Kir-

by v. United States, 174 U.S. 47, 19 S.Ct. 574, 43 L.Ed. 890, which we have heretofore approved in State v. Martino, supra. See, also, in accord with the view of the Supreme Court of the United States, Carpenter v. State, 190 Ind. 611, 614, 131 N.E. 375; Sanford v. State, 155 Miss. 295, 297, 124 So. 353.

The Massachusetts Supreme Court, in Commonwealth v. Donaruma, 260 Mass, 233, 157 N.E. 538, 539, had before it a case in which it is recited:

"The first count of the indictment was for the larceny of an automobile of the value of $2,500, the property of one Jacob Diskin, while the second count charged the defendants with buying, receiving, and aiding in the concealment of the automobile knowing it to have been stolen. At the first trial they were acquitted on the first count, and on the second count the defendant Anthony Ardolino was also acquitted, but the jury disagreed as to the defendant Donaruma. This result left the indictment pending on the second count, and at the second trial Donaruma was found guilty, and, sentence having been imposed, the case is here on his exceptions to alleged errors of law of the trial court. We consider the questions as classified by counsel for the defendant.

"There was evidence tending to show that the car had been stolen on February 28, 1924, and that the defendant stated that thereafter he had bought the car of one Frank Reno, and had it insured in his own name, and transferred the policy to his wife under her maiden name. In a subsequent statement voluntarily made to Inspector Boucher, he said, that he had bought the car from one Ardolino, who had registered the car in the name of Reno. In the cross-examination of Boucher, and as bearing upon the guilty knowledge of the defendant at the time of purchase, these questions were asked:

" 'Is he the same Ardolino who subsequent to the arrest was put on trial in the Superior Court last term?'

" 'Is he the man, the Ardolino who was charged with the larceny of the identical car in question and stood trial for it, and was acquitted on said charge?'

"The ruling excluding the questions was right. The record of the former trial of Ardolino, if it had been properly offered, was inadmissible on the question of the guilt or innocence of the defendant. The guilt or innocence of Ardolino was not in issue."

We think the Massachusetts Court was correct and we think it is a poor rule that does not work both ways.

We are unable to say that the testimony in the case at bar thus erroneously admitted was not harmful to the accused. It seems likely it was extremely prejudicial.

Here the witness who testified that he had pleaded guilty to having received the stolen property in question, knowing it to have been stolen, might have been called upon to testify and have testified that he

knew the money to have been stolen when he received it, and the defendant could then have cross-examined him on his statements, but the witness did not do this. The district attorney elicited from the witness that in another criminal case in which the defendant, Jackson, was not a party and in which he was not entitled to be represented by counsel, the witness had pleaded guilty to the same offense of which the defendant was charged. The principles involved would be the same if the state had offered, and there had been received in evidence, the record of the charge against Jimmy Brown and the record plea of guilty thereto. The plea of guilty by Jimmy Brown was sufficient to authorize the court to pronounce sentence upon him, but it was not conclusive proof of the truth of the charge against him, and particularly not admissible as to elements of the offense as against a person not a party to the proceeding. Accused persons are sometimes motivated to plead guilty to a charge rather than go to trial in the hope of acquiring leniency or some other advantage. A judicial confession does not necessarily prove that the charge is true.

The appellee argues that the objection came too late and was inadequate in form. The appellant counters with the claim that it is apparent from the record that the answer "I am" came quickly after the question. In 12 Ency. Ev. at p. 165 it is said: "Witness Answering Too Quickly.—When a witness answers a question too quickly to give an opportunity to counsel to ob-ject to the question before answer, counsel may, after the answer is given, move that it be stricken out on the ground that the question called for an objectionable answer."

The general rule, subject to some qualifications, is that objections to evidence should state the specific grounds upon which they are based, and that the trial court may properly disregard general objections which fail to point out why the evidence is inadmissible. General objections, if they raise any point at all, go only to the question whether the evidence is admissible under any phase of the case. 9 Ency. Ev. "Objections", p. 59.

"General objections are insufficient *unless the evidence is palpably inadmissible.*" (Emphasis supplied.) 17 C.J., Criminal Law, § 3331; 24 C.J.S., Criminal Law, § 1672.

Again in 9 Ency. Ev., "Objections", p. 63, it is said: "Where, however, evidence is wholly inadmissible on its face for any purpose, a general objection to it is sufficient."

And again the same text discussing the general objection at p. 71 says: "The value and sufficiency of the general and all inclusive objection 'incompetent, irrelevant and immaterial' depends largely upon the nature of the evidence against which it is urged. It is sometimes said that this objection is not sufficiently specific to be considered, or, on the contrary, that it is sufficiently definite in the absence of a request

for a more specific statement. Generally, however, it is held to be governed by the general rules heretofore discussed. Thus if the grounds of objection are perfectly obvious and the evidence is wholly inadmissible for any purpose, this general objection is sufficient."

With these principles in view we are not disposed in the present instance to measure with any great degree of nicety the form of objection to palpably inadmissible evidence where the prejudicial effect is clearly apparent. See 17 C.J., Criminal Law, § 3331; 24 C.J.S., Criminal Law, § 1672.

The judgment is reversed and the cause remanded with direction to award the defendant a new trial.

It is so ordered.

SADLER, C. J., and THREET, J., concur.

MABRY, Justice (dissenting).

I cannot agree to the disposition which the majority make of this case. The reversal here arises out of the alleged error committed by the trial court in permitting the witness, Jimmy Brown, to testify while on the stand as a witness for the state, that he had theretofore entered a plea of guilty to the same charge upon which defendant was on trial, over what is held to be an appropriate objection made by the defendant. In the first place, I am not prepared to say that error was committed in permitting the witness to answer the question; on the contrary, I believe the question was proper. But if it were error the objection urged was not sufficient to move the court, as against its right to exercise its reasonable discretion in permitting the question to be propounded and answered, to strike. This would be true because of both (a) the time element involved in the invocation of the objection, and (b) the character of the objection itself. I appraise the objection to the question and answer as coming too late. If, indeed, as now suggested, the answer was given before an opportunity was afforded counsel for appellant to offer objection, this should have been shown and advanced by counsel when he invoked the court's discretion and asked that it be stricken. The record is wholly silent as to whether counsel did not have ample time to make his objection before this question was answered. We should not presume otherwise absent some showing to that effect.

But, in any event, I am unable to agree that the answer was prejudicial and, that but for this testimony, appellant would not have been convicted. There is ample evidence to support the conviction. It became necessary as an essential, if not the first, step in proving appellant received from Brown money knowing it had been stolen to prove first that Brown had stolen it, or had himself received it knowing it to have been stolen; and, an admission by Brown that he himself stole it, or that it was stolen by another from whom he received it, and that he knew as much, and

further proof of facts of circumstances which would support a finding that appellant likewise knew this money so received by him was stolen, would be sufficient upon which to sustain a conviction. I am not persuaded that any of the exculpatory testimony of Brown, or the circumstances, would detract from this appraisal that there is ample evidence to support the verdict.

The authorities relied upon and cited in the opinion of the majority do not persuade me of their applicability here. Appellant was faced by the witness, every opportunity was afforded to appellant to inquire as to the circumstances under which he pleaded, and as to the fact whether or not he was guilty. I do not of course dispute the contention that it would not afford proof that the accused received stolen property knowing it to have been stolen merely to show by a record of conviction that the person from whom the property was received had been convicted of the theft. That would, for one thing, violate the constitutional guarantee that the accused is to be confronted with the witnesses against him. And this principle, enunciated in Kirby v. United States, 174 U.S. 47, 19 S.Ct. 574, 43 L.Ed. 890, and approved by us in State v. Martino, 25 N.M. 47, 176 P. 815, cited and relied upon by the majority, affords no support for the majority opinion. We are not here relying upon a "record" of conviction. Once that distinction is made we should have no trouble in appraising the situation. Certainly we should not say that

such testimony was not admissible for any purpose absent a proper or timely objection that it was prejudicial.

I am also unable to agree that the objection stated after the question had been propounded and the answer given by Brown on the ground "that there is no relation to the issues in the case before the court" was sufficient. That was to say no more than that the question elicited an answer to something irrelevant or immaterial; it was not to say that to permit this question and answer would be highly prejudicial to appellant, the contention now urged. We have many times held that these general objections may not be relied upon. And we have never favored a relaxation of this salutary rule. See State v. McKnight, 21 N.M. 14, 153 P. 76; State v. Blacklock, 23 N.M. 251, 167 P. 714; Henderson v. Dreyfus, 26 N.M. 541, 191 P. 442; Nikolich v. Slovenska, etc., Jednota, 33 N.M. 64, 260 P. 849; Priestley v. Law, 33 N.M. 176, 262 P. 931. And a case may even be "made out by incompetent evidence, if received without objection", we have held. Nikolich v. Slovenska, etc., Jednota, supra [33 N.M. 64, 260 P. 853]. The trial court was entitled to know whether appellant's objection rested upon something other than irrelevancy; that is to say, upon prejudice, for example. Appellant will not be permitted to so frame his objection in general terms as to leave with both the court and the district attorney the thought that prejudice was not to be relied upon, if, in fact, it could have been, which I do not concede.

422

I do not doubt the sufficiency of the evidence as disclosed by the record to produce a conviction in the minds of the jury that the defendant was guilty of the offense charged. Certainly, it was permissible to prove that Brown had stolen property in his possession, whether by his own admission of the charge, by a plea of guilty, or by other competent evidence. That fact, of course, when shown, would not be admissible to prove that appellant thereafter knowingly received the stolen money (Donegan v. State, 89 Tex.Cr.R. 105, 229 S.W. 857); but the record does not disclose, as I have said, that the answer was elicited for the purpose last mentioned. It can be presumed that it was for the purpose, rather, of showing the first essential element of the crime, viz., that when Jackson received the money from Brown he received stolen money. Whether he knew it to have been stolen becomes a different matter, and proof of such knowledge must, necessarily, rest upon additional and different evidence.

It cannot be said that the one question propounded to Brown must be so all-inclusive that it must anticipate an answer that would at one and the same time afford proof of *both* elements—that the money received was stolen and that appellant knew as much at the time he received it. I know of no rule which would require so much; but we are familiar with the contrary rule which requires that a question be so framed that it may be answered affirmatively without requiring of the witness an explanation

that such answer is meant to cover only a portion of the question.

Persevering further, after the answer given and so objected to, the district attorney properly sought to show with what evidence was available, we will assume, that appellant not only had guilty knowledge but he actually may have participated in the theft. There is nothing to indicate that either the district attorney or the trial court were unaware of the necessity of such proof as to knowledge on the part of the accused, in addition to proof that the money was in fact stolen, to sustain a conviction.

Must it not be said that an admission from the party from whom the person charged received the property that he had passed it on to the accused knowing it to have been stolen would be evidence that it was stolen property that was involved? The next, and vitally necessary step is, of course, to show guilty knowledge on the part of the accused when he receives it. Property need not "[retain] its stolen character from the time it was stolen until it was delivered to the [accused]." Hamilton v. State, 129 Fla. 219, 176 So. 89, 91, 112 A.L.R. 1013.

It seems to me that we would recognize a difference without a distinction to say, as I understand the majority is willing to say, that while the witness might have been asked whether he had not stolen or received the money in question knowing it to have been stolen, he could not be asked

the equally, if not more, pertinent question, whether he had not pleaded guilty to the crime and received his sentence.

I believe that under the circumstances here present, where Brown and appellant were shown to have been together at the time; and where appellant took Brown by the arm after Brown had gotten his hands on the money saying to him (Brown) that he wanted to speak to him "in the back", and leading Brown away from the crowd and demanding his "part of the money", and where we have the further fact that appellant first denied any knowledge of the money taken, and later admitting knowing of it as well as getting part of it, affords ample evidence to support the conviction.

For the reasons stated, I dissent.

BRICE, J., concurs.