UNITED STATES v. HALL et al.

No. 126, Docket 21511.

United States Court of Appeals Second Circuit

Argued Dec. 16, 1949.

Decided Jan. 4, 1950.

Samuel Segal, of New York City, for defendants-appellants.

Bruno Schachner, Asst. U. S. Atty., of New York City (Irving H. Saypol, U. S. Atty., and Frederick H. Block, Asst. U. S. Atty., both of New York City, on the brief), for plaintiff-appellee.

Before AUGUSTUS N. HAND, CHASE, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

The principal question raised on this appeal is as to the effect to be given in a trial for illegal dealing in the drug marihuana to a plea of guilt of an alleged coconspirator. The specific issue arises with reference to an instruction of the court given to the jury after completion of its formal charge and upon defendants' request for a direction that the plea be given no consideration against them. They also pointed out that the conspiracy as charged included "others to the grand jury unknown" and that any confession implicit in the plea may have concerned only such unknown persons. But the instruction given—quoted in full in the note [1]—actually repudiated the request and emphasized the point of objection by allowing the jury to consider not only the plea itself, but the fact that, in entering it, the coconspirator, Watson, "may have had in mind all of the parties or the unknown conspirators."

The indictment included not only the conspiracy count to which reference has just been made, but also two substantive counts charging illegal sales of marihuana, 26 U.S.C.A. §§ 2591(a) and 2593(a); 18 U.S.C.A. § 371. The evidence showed that government agents armed with a search warrant and a warrant for Mrs. Watson's arrest appeared at a Manhattan apartment and proceeded to purchase marihuana cigarettes from Mrs. Watson in the presence of Hall and Carroll and an unknown man who escaped as the agents were effecting the arrest of the others. After the jury had been impaneled and counsel had made opening statements, Mrs. Watson's plea of guilt was taken in the absence of the jury. Thereafter, during the trial, the prosecutor, in cross-examining one of the defendants, referred to this as her statement in court of an agreement with the two defendants to deal in this marihuana. This forced interpretation of the plea of guilt was corrected by the court, which, how-

[1] "Miss Watson has already entered a plea of guilty, as you have been advised, to being a member of this conspiracy. That sets out that Mrs. Watson, the two defendants, and 'others unknown to the jury.' So you may consider, you may take into consideration that when she entered her plea of guilty she may have had in mind all of the parties or the unknown conspirators. Take all that into consideration in arriving at your verdict."

ever, proceeded to inform the jury of the plea—a course held erroneous in cases such as Leroy v. Government of Canal Zone, 5 Cir., 81 F.2d 914; Leech v. People, 112 Colo. 120, 146 P.2d 346; and State v. Jackson, 47 N.M. 415, 143 P.2d 875. The objection of defense counsel, however, had been to the prosecutor's interpretation, rather than the fact itself; indeed, counsel, by way of correcting the prosecutor, proceeded to state just what had happened and then the prosecutor said, "I withdraw the whole thing." Hence we need not consider this incident further in the light of this record and of the direct presentation of the issue by the charge as given with the emphasis noted above and the substantial repudiation of the defendants' requests to charge.

 Since, as in the case of the confessions secured by government agents in Fiswick v. United States, 329 U.S. 211, 217, 67 S.Ct. 224, 91 L.Ed. 196, Mrs. Watson surely had ceased to act in the role of a conspirator when she gave her plea, it would appear that all basis for its admission against the alleged coconspirators was gone. For, as we have been recently admonished, statements by one conspirator are to be received against others only when made in furtherance of a going conspiracy charged against them. Krulewitch v. United States, 336 U.S. 440, 69 S.Ct. 716. It is indeed said in Gordon v. United States, 6 Cir., 164 F.2d 855, 860, certiorari denied 333 U.S. 862, 68 S.Ct. 741, 92 L.Ed. 1141, that the situation is otherwise of a plea made "in open court and in the presence of the appellant"; but the latter circumstance at least is not here. In any event, the situation has been carefully reexamined in United States v. Toner, 3 Cir., 173 F.2d 140, where the court reached the conclusion that, while relevant, the countervailing policy according every defendant the right to stand or fall with the proof of the charge made against himself, and not against somebody else, would demonstrate the inadmissibility of the evidence, citing

O'Shaughnessy v. United States, 5 Cir., 17 F.2d 225, 228. There appears to be some difference of view in the state courts. Compare 4 Wigmore on Evidence § 1079, 3d Ed.1940. But the "present drift in the federal law of conspiracy,"[2] at least in the courts, is, we think, clearly against anything which may extend the doctrine of guilt by association in a conspiracy beyond its present broad and much criticized limits. See, e. g., Krulewitch v. United States, supra, and particularly the views and authorities set forth in the concurring opinion of Mr. Justice Jackson, 336 U.S. at pages 445–458, 69 S.Ct. 716. We are content, therefore, to follow the view of the Third Circuit.

Certain other errors are assigned, involving particularly the conduct of that same prosecutor whose trial conduct was the subject of criticism in United States v. Cohen, 2 Cir., 177 F.2d 523. Since there is no reason for a repetition of these incidents at a second trial we shall not discuss them here.

Reversed and remanded.

2. The phrase is Mr. Justice Jackson's, used with a somewhat different connotation, in Krulewitch v. United States, supra, 336 U. S. at page 445, 69 S.Ct. 716, 719.