## SCHLIEFER v. UNITED STATES.*

(Circuit Court of Appeals, Third Circuit. April 11, 1923.)

No. 2955.

1. **Conspiracy ⬦⇒47—Evidence sufficient to sustain conviction of conspiracy to import intoxicating liquors.**

In a prosecution under Criminal Code, § 37 (Comp. St. § 10201), for conspiring to unlawfully import intoxicating liquors to the United States for beverage purposes, in violation of National Prohibition Act, evidence *held* sufficient to sustain a conviction and to warrant the court's refusal to direct a verdict of acquittal.

2. **Conspiracy ⬦⇒47—Evidence sufficient as to character, content, and intended use of liquor unlawfully imported.**

In a prosecution for conspiracy to unlawfully import intoxicating liquors for beverage purposes, under Criminal Code, § 37 (Comp. St. § 10201), and National Prohibition Act, evidence *held* to sustain the charge of the indictment as to the character, content, and intended use of the liquor.

In Error to the District Court of the United States for the District of New Jersey; Charles F. Lynch, Judge.

Rudolph Schliefer was convicted of conspiracy to unlawfully import intoxicating liquors, and he brings error. Affirmed.

Frank A. Harrigan, of Philadelphia, Pa., for plaintiff in error.
Walter G. Winne, U. S. Atty., of Hackensack, N. J.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. Schliefer was indicted with nineteen others for conspiring, at a named time and place, to commit an offense against the United States (section 37 of the Criminal Code [Comp. St. § 10201]), that is to say, to unlawfully import into the United States intoxicating liquors for beverages purposes in the form of whiskey containing more than one-half of 1 per cent. of alcohol, in violation of the National Prohibition Act (Act of October 28, 1919, c. 85, 41 Stat. 305).

The overt acts pleaded were the participation by certain defendants in the loading of Scotch whiskey aboard a vessel at Nassau, its transportation to a point off the New Jersey coast, and its transfer to shore by motor boats. After trial and conviction the defendant sued out this writ, assigning as error, inter alia, the refusal of the trial court upon motion to quash the indictment.

This indictment is; mutatis mutandis, like the one in Rulovitch, et al. v. United States (C. C. A.) 286 Fed. 315. While the indictment in that case cannot be regarded a model of criminal pleading, it stood the tests and was, in our opinion, valid. Hence the Rulovitch decision rules the question raised here.

The next matter assigned as error was the refusal of the trial court to direct a verdict of acquittal. The evidence which this assignment brings under review is substantially as follows:

[1] Holden, a "beauty doctor," engaged in business in Atlantic

City, learned that Crossland, who operated extensive fisheries in Miami, Florida, would sell Scotch whiskey and deliver it at sea beyond the three mile limit. Holden had neither money with which to buy liquor nor means by which to convey it from ship to shore, so he enlisted the interest of Fertig, a resident of Atlantic City, who, besides running a saloon, owned and operated a number of motor driven fishing boats. Though Fertig had boats, he, too, had no money, so he sought out Schliefer, a druggist, to whom, after introducing Holden, he broached a scheme for buying Scotch whiskey from Crossland. As a result of this interview, Schliefer and Holden went to Florida where Schliefer purchased from Crossland one thousand cases of Scotch whiskey at $40 a case and paid him $5,000 on account. Holden and Crossland then went to Nassau where they loaded the whiskey aboard a vessel. With Holden as supercargo (interested to the extent of $3 a case), the vessel sailed to a point off Atlantic City. Crossland followed her north by rail. On the arrival of the vessel about 300 cases were unloaded and taken ashore in Fertig's boats and an additional payment of about $9,000—money supplied by Schliefer—was made to Crossland. A portion of the whiskey was moved to Philadelphia by trucks which Schliefer had procured. The transaction ended in a way not expected. At the trial Schliefer disclaimed any connection with the purchase and delivery of whiskey and for defense testified that what he thought he had bought from Crossland and had in part paid for were warehouse receipts, a subject of lawful traffic. The jury, however, did not believe him. As the evidence is clearly sufficient to sustain their verdict, we are of opinion the court did not commit error in refusing the motion for binding instructions.

But this is not quite what the defendant complains about on this writ of error. In the assignments relied upon, he does not find fault with the court's rulings on the admission and rejection of testimony, nor with its instructions on the law, for the only exception he made to the charge was a general one. Rules of Circuit Court of Appeals for the Third Circuit, rule 10, section 1 (224 Fed. vii, 137 C. C. A. vii). Philadelphia & Reading Railway Co. v. Marland, 239 Fed. 1, 13–15, 152 C. C. A. 51. He maintains rather that because Fertig, Holden and other defendants were arraigned after the jury had been drawn to try him and because they pleaded guilty in the presence of the jury, the irresistible conclusion is that his trial was unfair. In addition he complains that the testimony of Fertig, an accomplice, was not corroborated and that it should not have been considered because in return for his testimony he received immunity by a light sentence subsequently imposed and the release of his boats from confiscation. After reading all the testimony we are satisfied that no irregularities occurred in the prosecution which tended to prejudice the trial of Schliefer; that if convicted on the testimony of accomplices, the court committed no error either in admitting their testimony or instructing the jury on the law; and that the record fails to show that immunity was promised any witness in consideration for his testimony.

[2] Nor does the testimony fail to sustain the charge of the indictment as to the character, content and intended use of the liquor un-

288 F.—24

lawfully imported. It was testified by two who had tasted it that it was Scotch whiskey. If so, it contained more than one-half of 1 per cent. of alcohol by volume. Singer v. United States (C. C. A.) 278 Fed. 415, 418. The circumstances under which it was smuggled were enough to sustain a finding by the jury of its intended use.

The judgment below is affirmed.