## KELLING v. UNITED STATES.

### No. 11918.

Circuit Court of Appeals, Eighth Circuit.

June 30, 1941.

Allen L. Ginsburg, of St. Paul, Minn. (Simon Ginsburg, of St. Paul, Minn., on the brief), for appellant.

Linus J. Hammond, Asst. U. S. Atty., of St. Paul, Minn. (Victor E. Anderson, U. S. Atty., of St. Paul, Minn., on the brief), for appellee.

Before STONE, WOODROUGH and JOHNSEN, Circuit Judges.

WOODROUGH, Circuit Judge.

Appellant and one Don Leach were jointly indicted in eleven counts for using the mails in furtherance of a scheme to defraud, in violation of 18 U.S.C.A. § 338; and in a twelfth count for conspiracy, in violation of 18 U.S.C.A. § 88. The defendant Don Leach plead nolo contendere to the first count and the remaining counts were dismissed as to him. Thereafter, and before sentence had been imposed upon Don Leach, the appellant was tried upon his plea of not guilty and was found guilty as to the first count, and not guilty as to nine counts. The sixth and twelfth counts were dismissed during the trial, which commenced November 28, 1940, and was concluded December 12, 1940.

In its instructions to the jury, the trial court, immediately after stating the charges made in the indictment against the defendant on trial, observed: "The defendant Don Leach is not on trial. He has heretofore entered a plea to the first count of the indictment, known in the law as 'nolo contendere' which in substance means that he does not desire to contest the charges made by the government in the indictment, and subjects himself to sentence by the court. The other and remaining counts of the indictment against him have been dismissed by the Court on motion of the United States Attorney."

The appellant has not brought up any of the evidence taken on his trial, but at the conclusion of the court's charge to the jury he took "exception to the court's reference to the plea of nolo contendere by Don Leach", and his only contention on this appeal is that the inclusion of the quoted matter in the charge was prejudicial and reversible error.

Our conclusion is to the contrary. In other parts of its charge the court cor-

rectly and clearly informed the jury that in determining the guilt of the defendant on trial it could "only take into consideration defendant's own statements, actions and conduct, and his own connection with the actions of others as shown by the evidence, independent of any statement or declaration by others, including Don Leach, unless you find from such evidence that Don Leach was also a party to the scheme. It is only after you find that the defendant Kelling was a party to said scheme that the statements, declarations or conduct of Don Leach may be considered as if made by Kelling and only during that period which you find that both Kelling and Leach were parties to the scheme if you should so find." It was thus made clear to the jury that the plea entered by Don Leach could not be taken into consideration on the question of the guilt of the defendant on trial.

The plea of nolo contendere by the co-defendant Don Leach was publicly entered in the open court and Don Leach testified as a witness for appellant. Although it is stipulated in the record here that neither Don Leach nor any other witness testified concerning the nolo contendere plea, and that the prosecuting attorney did not allude to it, there is nothing to show that the defendant's attorney did not mention it in argument or that it had been kept completely from the knowledge of all the jurors.

It is not incompatible with the record that appellant's attorney himself may have alluded to the government's dismissal of eleven counts against Don Leach upon his plea of nolo contendere to one count, or that the trial court thought a disclosure of the true record would better conduce to a fair trial than to permit prejudicial surmise upon a matter from which it was scarcely practicable to entirely exclude attention. The fact that the jurors knew that Don Leach had plead as he did was not of itself sufficient to disqualify the jury or to avoid their verdict. We find no case where verdict has been avoided on that ground alone. The only effect of the court's statement was to put the jurors in exactly the same position as though they had been present when Don Leach's plea was entered. As their presence at that time would not have disqualified them to try the codefendant, it cannot be held that this knowledge they acquired from the court's reference to the record then made worked any disqualification. 23 C.J.S. 296, Criminal Law, § 969; Ray v. United States, 8 Cir., 114 F.2d 508; United States v. Rollnick, 2 Cir., 91 F.2d 911, loc. cit. 917; United States v. Hartenfeld, 7 Cir., 113 F.2d 359, loc. cit. 362; United States v. Falcone, 2 Cir., 109 F.2d 579, loc. cit. 582.

As we find no prejudicial error, the judgment is affirmed.