STATE v. ARVILLE TOBIAS KERLEY.

(Filed 1 May, 1957.)

**1. Criminal Law § 52a (2)—**

   Testimony of State's witnesses that they had not previously known defendants, and that defendants were the persons who assaulted and robbed one of the witnesses with a pistol, is sufficient to overrule motion for judgment of nonsuit, the criminal record of the State's witnesses being relevant only upon the question of their credibility.

**2. Criminal Law §§ 34g, 50f—Plea of nolo contendere by one defendant is not competent to be considered as evidence of guilt of the other defendant.**

   Where two defendants are jointly indicted for a crime which is several in nature, the fact that one of them tenders plea of guilty or *nolo contendere* is not competent as evidence of guilt of the other, and it is improper for the solicitor to argue to the jury that defendants jointly committed the crime, and that if one of them pleaded guilty, the other was also guilty, and the failure of the court, upon timely objection of the defendant then on trial, to charge that the plea of the codefendant should not be considered as evidence bearing upon the guilt of the defendant then on trial, and that the latter's guilt must be determined solely on the basis of the evidence against him, must be held for prejudicial error.

Appeal by defendant from *Armstrong, J.,* January Term, 1957, of Davidson.

The bill of indictment (#8051) charged, in substance, that one J. D. Logan Powell and Arville Tobias Kerley, on 29 September, 1956, unlawfully, wilfully and feloniously, by the use and threatened use of a dangerous weapon, to wit, a pistol, whereby the life of one Garney Church was endangered and threatened, took from the person of said Church the sum of $551.00, being the felony defined in G.S. 14-87.

Both defendants pleaded "Not Guilty," and a jury was sworn and impaneled.

The State's evidence, in substance, tended to show that about 3:30-4:00 a.m. Saturday, 29 September, 1956, Powell and Kerley forced their way into Church's two-room house in Lexington; that Kerley had a pistol; that they assaulted Church and threatened and endangered his life; and that, after Church had been badly beaten, Powell got his pocketbook and took therefrom the sum of $551.00.

The State's evidence tended to show further that one Crooks was living with Church and was present on the occasion of the alleged robbery. Both Church and Crooks, the State's principal witnesses, identified Powell and Kerley as the persons who committed the alleged robbery.

Kerley was arrested the following Monday morning, about 9:15 a.m., while at work on his job as a carpenter. He consistently denied any participation in or knowledge of the alleged robbery. His testimony, and the testimony of several defense witnesses, tended to show that from near midnight until 6:00 or 7:00 a.m. Saturday, 29 September, 1956, he was at "J. B. Earnhardt's place," near Kannapolis, North Carolina, some thirty-five miles from Lexington.

On cross-examination, Kerley testified that he had known Powell "about all" of his life.

The agreed case on appeal shows the following:

"During the progress of the trial in Case No. 8051 as against J. D. Logan Powell, the defendant, through his counsel, Mr. Turner Wall, withdraws his plea of 'Not Guilty,' and tenders PLEA of *Nolo Contendere* to the charge. By permission of the Court, the State accepts the plea of *Nolo Contendere.*

"In other cases appearing upon the docket, to-wit: cases Nos. 8094 to 8107, inclusive, the defendant, J. D. Logan Powell, tenders a Plea of *Nolo Contendere* to the charges in the Bills of Indictment. By permission of the Court, the State accepts the pleas."

The trial continued as to Arville Tobias Kerley, appellant; and the jury returned a verdict of guilty as charged. The agreed case on appeal shows the following:

"During the course of his argument to the jury, the Solicitor for the State, over the objection of the defendant, was in the process of making the argument to the jury, in effect, as follows: That the defendant Kerley went on trial in the case along with his co-defendant and friend, J. D. Powell, and that during the progress of the trial, the friend and co-defendant of this defendant had come in and admitted his guilt by withdrawing his plea of not guilty and entering a plea of *nolo contendere.* Several times during the course of this argument the Solicitor referred to the co-defendant, Powell, as 'The admitted Robber' and as 'The confessed Robber.' To this argument by the Solicitor the defendant Kerley, in apt time, objected. Objection overruled. Defendant excepts. EXCEPTION No. 8."

The judgment pronounced was that Arville Tobias Kerley "be confined in the Central Prison for a term of not less than five nor more than fifteen years (and) assigned to do labor as provided by law."

Kerley excepted and appealed, assigning errors.

*Attorney-General Patton and Assistant Attorney-General McGalliard for the State.*

*B. W. Blackwelder for defendant, appellant.*

BOBBITT, J.   The State's witnesses, Church and Crooks, testified that they had not previously known either Powell or Kerley.   True, their testimony may have been less reliable by reason of their own admitted criminal records.   Even so, their testimony was sufficient in all respects to support the verdict of guilty as charged.   The weight to be given their testimony was for the jury.   Hence, the motion for judgment of nonsuit was properly overruled.

However, we are constrained to hold that assignment of error #5, based on exception #8, is well taken.

We are not concerned here with the legal significance of Powell's plea of *nolo contendere* in a civil action or another criminal action *against him*.   *Winesett v. Scheidt, Comr. of Motor Vehicles*, 239 N.C. 190, 79 S.E. 2d 501; *Fox v. Scheidt, Comr. of Motor Vehicles*, 241 N.C. 31, 84 S.E. 2d 259; *S. v. Stone*, 245 N.C. 42, 95 S.E. 2d 77.   The question presented here is whether Powell's plea of *nolo contendere*, considered as the equivalent of a confession of his guilt, is competent evidence against Kerley; and, if not, whether the solicitor, with the sanction of the court, used Powell's plea as evidence in such manner as to constitute prejudicial error.

If Powell had been separately tried and convicted or had pleaded guilty *prior* to Kerley's trial, the record of Powell's prior conviction or plea would not have been admissible against Kerley.   *Leroy v. Government of Canal Zone*, 81 F. 2d 914 (C.C.A. 5th); *Kirby v. United States*, 174 U.S. 47, 19 S. Ct. 574, 43 L. Ed. 890.   Moreover, upon Kerley's separate trial, testimony that Powell had been convicted or had pleaded guilty to the same charge would not have been competent.   *Paine v. People* (Colo.), 103 P. 2d 686; *Leech v. People* (Colo.), 146 P. 2d 346; *State v. Jackson* (N.M.), 143 P. 2d 875; *United States v. Hall*, 178 F. 2d 853 (C.C.A. 2nd).   "The defendant had a right to have his guilt or innocence determined by the evidence presented against him, not by what has happened with regard to a criminal prosecution against someone else."   *United States v. Toner*, 173 F. 2d 140 (C.C.A. 3rd).

While Powell and Kerley were indicted jointly, the crime was several in nature.   The guilt of one was not dependent upon the guilt of the other.   If one were convicted or pleaded guilty, this would not be evidence of the guilt of the other; nor would the acquittal of one be evidence of the innocence of the other.   Moreover, the admissibility of Powell's plea *as evidence* was not altered by the fact that it was tendered and accepted, presumably in the presence of the jury, during the progress of the trial.   *Paine v. People, supra.*

The withdrawal by Powell of his plea of not guilty, and the tender and acceptance of his plea of *nolo contendere,* under the circumstances stated, would not of itself, standing alone, constitute prejudicial error as to Kerley.   *S. v. Hunter*, 94 N.C. 829; *S. v. Bryant*, 236 N.C. 745,

73 S.E. 2d 791; 23 C.J.S., Criminal Law sec. 969; *S. v. De Bellis* (N.J.), 136 A. 603; *S. c.*, 138 A. 923; *S. v. Sutherland* (N.J.), 9 A. 2d 807; *S. c.*, 15 A. 2d 749; *Hines v. United States*, 131 F. 2d 971 (C.C.A. 10th); *Kelling v. United States*, 121 F. 2d 428 (C.C.A. 8th) *Grandbouche v. People* (Colo.), 89 P. 2d 577; *Schliefer v. United States*, 288 F. 368 (C.C.A. 3rd); *Richards v. United States*, 193 F. 2d 554 (C.C.A. 10th); *United States v. Hartenfeld*, 113 F. 359 (C.C.A. 7th); *United States v. Falcone*, 109 F. 2d 579 (C.C.A. 2nd); *United States v. Dewinsky* (D.C. of N.J.), 41 F. Supp. 149; *Graff v. People* (Ill.), 70 N.E. 299; *Commonwealth v. Biddle* (Pa.), 50 A. 262; *United States v. Rollnick*, 91 F. 2d 911 (C.C.A. 2nd).

In certain of the cited cases, *e.g.*, the *Sutherland, Richards, Graff, Biddle* and *Rollnick cases*, and in *S. v. Bryant, supra*, the codefendant whose plea of guilty was involved testified as a State's witness to facts tending to establish his own guilt. In this setting, his plea, of itself and standing alone, was held not sufficiently prejudicial to warrant a new trial.

It is noted that Powell was *not called* as a State's witness. There is nothing to indicate that if called he would have implicated Kerley. Be that as it may, had he *testified* to facts tending to establish Kerley's guilt, then Kerley's right to be confronted by his accuser and to subject him to cross-examination would have been recognized. *Kirby v. United States, supra;* Constitution of North Carolina, Art. I, sec. 11; *S. v. Dixon*, 185 N.C. 727, 730, 117 S.E. 170; *S. v. Perry*, 210 N.C. 796, 188 S.E. 639.

In certain of the cited cases, *e.g.*, the *Hines, Kelling, Hartenfeld, Graff, Falcone and Rollnick cases*, it appears that the presiding judge, in the absence of request, instructed the jury that the codefendant's plea of guilty was not to be considered as evidence against the defendant then on trial. Thus, in *Hines v. United States, supra*, the trial judge specifically admonished the jury that the guilty plea of Palmer (codefendant) had no bearing one way or the other on the guilt or innocence of Hines (then on trial); "that they were not to 'speculate' on the reason for the failure of Palmer to go to trial, and that their verdict should be based on the evidence in the case submitted to them under the indictment." See also *S. v. Bryant, supra*.

What prompted Powell's plea of *nolo contendere* is a matter concerning which the record affords no answer. If we were to indulge in speculation we could not overlook the fact that simultaneously he entered pleas of *nolo contendere* in 14 other cases then pending against him. Nothing appears to indicate that Kerley was charged or in any way involved in such other cases.

None of the cited cases supports the view that the codefendant's plea of guilty is competent for consideration as evidence against the defendant then on trial.

When request therefor is made, it is the duty of the trial judge to instruct the jury that a codefendant's plea of guilty is not to be considered as evidence bearing upon the guilt of the defendant then on trial and that the latter's guilt must be determined solely on the basis of the evidence *against him* and without reference to the codefendant's plea. *Babb v. United States,* 218 F. 2d 538 (C.C.A. 5th); *United States v. Toner, supra; United States v. Hall, supra; O'Shaughnessy v. United States,* 17 F. 2d 225 (C.C.A. 5th).

Where two or more persons are jointly tried, the extrajudicial confession of one defendant may be received in evidence over the objection of his codefendant(s) when, *but only when,* the trial judge instructs the jury that the confession so offered is admitted as evidence against the defendant who made it but is not evidence and is not to be considered by the jury in any way in determining the charges against his codefendant(s). *S. v. Bennett,* 237 N.C. 749, 753, 76 S.E. 2d 42, and cases cited. While the jury may find it difficult to put out of their minds the portions of such confessions that implicate the codefendant(s), this is the best the court can do; for such confession is clearly competent against the defendant who made it. Compare: *Paoli v. United States,* 352 U.S. 232, 77 S. Ct. 294, 1 L. Ed. 2d 278.

Powell had the right to tender his plea; and the State, with the approval of the court, had the right to accept it. True, the jury may have found it difficult wholly to disregard an event taking place before their eyes. Even so, Powell's confession of guilt by plea was certainly no more competent against Kerley than his extrajudicial confession, had he made one, would have been. The State, apparently well aware of this fact, did not offer Powell's plea as evidence against Kerley.

Reference is made to the cases cited in two Annotations: 48 A.L.R. 2d 1004; 48 A.L.R. 2d 1016. In the latter, the annotator, after noting that a mere reference to a codefendant's plea or conviction may not be deemed sufficiently prejudicial under the circumstances of a particular case to warrant a new trial, states: "Where, however, a prosecuting attorney urges such other conviction as justification for the jury to find the accused guilty or urges or implies that it is evidence of the accused's guilt, real prejudice results and requires not only prompt but forceful action by the trial court to eliminate the harmful effect; under some circumstances, even curative instructions to the jury will not eradicate the prejudice to the accused." The cases cited support this statement of the prevailing rule.

Here, the solicitor was permitted to use Powell's plea *as evidence* upon which to base this argument: (1) Kerley and Powell were friends; (2) they were jointly charged and identified by the State's witnesses as the men who jointly committed the robbery; (3) Powell pleaded guilty; (4) therefore, Kerley must be guilty, too. The record shows that the

solicitor made this argument, with the sanction of the court, over defendant's timely objections.

The practical force and prejudicial effect of the solicitor's said argument is apparent. Powell's plea being incompetent as evidence against Kerley, the sanctioned use thereof as the evidential basis for said argument constitutes reversible error for which Kerley is entitled to a new trial.

An examination of the charge does not disclose that the trial judge gave any instruction to dispel the idea that Powell's plea was competent for consideration by the jury in passing upon Kerley's guilt or innocence. *S. v. Smith*, 240 N.C. 631, 83 S.E. 2d 656.

We are not concerned here with cases such as *S. v. Barefoot*, 241 N.C. 650, 86 S.E. 2d 424, where error is assigned because of alleged abusive or improper remarks by the solicitor as to the appearance or conduct of *the defendant then on trial.*

As to Powell, the case ended when the State, with the court's approval, accepted his plea of *nolo contendere. Winesett v. Scheidt, Comr. of Motor Vehicles, supra.* Thereafter, Kerley alone was on trial. The circumstance that he had been indicted jointly with Powell did not deprive him of any right to which he would have been entitled had he been indicted as sole defendant. While a positive instruction probably would not have removed entirely the subtle prejudice that unavoidably resulted from Powell's plea, yet, upon timely objection to the solicitor's argument, we think Kerley was entitled to a prompt and forceful instruction to the effect that Powell's plea was not evidence against Kerley and that it was improper for the solicitor and for the jury to treat it as such.

New trial.