**Willard Donnell FAHNING, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 18847.**

United States Court of Appeals
Fifth Circuit.

Feb. 14, 1962.

Howard C. Hadden, Orlando, Fla., for appellant.

Don M. Stichter, Asst. U. S. Atty., Tampa, Fla., Edward F. Boardman, U. S. Atty., Miami, Fla., for appellee.

Before TUTTLE, Chief Judge, and JONES and WISDOM, Circuit Judges.

JONES, Circuit Judge.

A ten-count indictment was returned against the appellant and five

others. The first count charged a conspiracy to violate the liquor revenue laws of the United States. Eight illegal purposes were set forth in technical terms, the gist of which is that the defendants had conspired to make and sell untaxed moonshine whiskey. Twenty-one overt acts were set out, and in eleven of them the appellant was charged with being a participant. The second count charged the six defendants with the possession of an unregistered still. The third count charged all of the defendants with carrying on the business of distiller without having given bond. In the other counts, numbered four through ten, the appellant was charged, either alone or jointly with another defendant, with various offenses under the liquor tax laws. By motion the appellant asked the court "to order an election or separate trials of each and every count herein and to grant a severance of defendants and separate trial as to each and every count hereof to prevent prejudice to defendant." The court ordered that the motion for relief for prejudicial joinder be granted as to counts four through ten for all defendants. On the morning of February 13, 1961, the court announced that the case would be tried on the next day or the day following. Then, with the entire jury panel present but .before the jury was selected, one of the defendants was called to the bar of the court in order that inquiry might be made as to his desire for court appointed counsel. Unexpectedly he stated that he desired to change his plea from not guilty to guilty on all counts. The court accepted the plea, made an adjudication of guilt and fixed a time for imposing sentence. The appellant moved for a continuance or for the postponement of the trial and the empaneling of another jury. The court denied the motion and instructed the jurors that they must not let the incident have anything to do with the verdict in the case as to the other defendants. The denial of the motion is specified as error by the appellant. The rule is well settled that the entry of a plea of guilty by one defendant in the presence of jurors who are to try other defendants is not error where the jurors are admonished that the plea of guilt should have no effect upon a determination of the guilt or innocence of the others, in the absence of a showing of prejudice. Nemec v. United States, 9th Cir. 1950, 178 F.2d 656, cert. den. 339 U.S. 985, 70 S.Ct. 1006, 94 L.Ed. 1388; Holmes v. United States, 8th Cir. 1943, 134 F.2d 125, cert. den. 319 U.S. 776, 63 S.Ct. 1434, 87 L.Ed. 1722; Hines v. United States, 10th Cir. 1942, 131 F.2d 971; Kelling v. United States, 8th Cir. 1941, 121 F.2d 428; United States v. Hartenfeld, 7th Cir. 1940, 113 F.2d 359, cert. den. 311 U.S. 647, 61 S.Ct. 30, 85 L.Ed. 413; 23 C.J.S. Criminal Law § 969, page 876. There is no merit in the assertion of error.

The appellant and other defendants claimed they were entrapped by the promise of a Florida Beverage Enforcement Agent, Hilman Wood, to finance a rodeo operation. While Florida Beverage District Supervisor E. C. Stanaland was testifying as a witness for the Government, he was being questioned as to when the investigation leading to the indictment had been mentioned to Florida Beverage Agent Wood. The witness answered, or rather failed to answer and stated, "Well, it was * * * we had been working on Red Fahning and this outfit ever since I have been in Orlando which was January the 15th. * * * *" The witness was interrupted by an objection and a motion of the appellant for a mistrial. The motion was overruled and the court instructed the jury [1] to disre-

---

[1]. "Well, the Motion is denied, and members of the jury, the Court strikes from the record the statement of this witness as to the period of time which his department has been investigating some of these defendants. I ask you to disregard it at all, it has nothing at all in the world to do with the outcome of this case and I am sure you will not let that statement prejudice you in any way against any of these defendants. You cannot convict these defendants except upon evidence that convinces each one of you beyond a reasonable doubt that

gard the statement of the witness. The ruling on the motion is specified as error. We think the inadvertent statement of the witness, although improper, did not require the granting of the appellant's motion for a mistrial. It is the general rule that evidence which is withdrawn from the jury with a direction by the court that it be disregarded may not be the basis of reversible error, although there may be cases where the evidence is such that prejudice will result despite a direction of the court. Helton v. United States, 5th Cir. 1955, 221 F.2d 338. The granting of a mistrial is a discretionary matter and no abuse of the trial court's discretion is shown.

The other specifications of error, six in number, relate to instructions. Both the Government and the appellant submitted requested instruction. There were 36 separate charges requested by the appellant. Prior to the charge to the jury there was a conference on the requested instructions by the court and counsel. Objections were made on behalf of appellant to some of the charges requested by the Government. The court disagreed with some of the contentions of appellant's counsel, agreed with others, and frequently commented that the court would give its own instruction on the matter covered by particular requests. At the conclusion of the discussion of the charges requested by the Government the Court announced:

"Now, counsel to the several defendants, going first to the charges requested by counsel for Fahning, Decker and Evans. I have carefully read these charges myself through the night that just passed and in most instances, I will say, these charges. * * * the statements made in the charges is within the law. And, I want to announce, in the charges I shall give myself, I shall endeavor * * * I will try to touch

they are guilty in this particular case, and you are not concerned with their prior life or you are not concerned with their subsequent life, in connection with law violations. It is only in connection with this case."

these points. And, if I fail, I ask you to call my attention to any legal point you raised in these charges that I overlooked. I will see that it is covered. I am not going to review these charges with you, because it would take us too long. I am advising you that, so far as I am concerned, at this time I am announcing to counsel that I will give, in my general instructions to the jury, the substance of every appropriate charge that they have asked, but I will not necessarily follow the form that you suggested here. Where I don't have anything in writing, I probably will follow you wome.[2] I am saying that to you, to let you know you have a free open field for your argument. I will now grant you an exception to any charge that I refuse to give, that I fail to give, that I don't cover. I am saying too, insofar as your arguments are concerned, you may use these charges as the basis for your argument to the jury."

In concluding its lengthy charge which takes twenty-eight pages of the record, the court informed the jury that after they retired counsel for the defendants would have the right to discuss with the court any errors that might have been made in the charges and should counsel point up anything the jury would be brought back so that any mistakes made by the court could be corrected. After the jury had retired, counsel for the appellant raised a question affecting another defendant but not the appellant. Counsel raised a question with respect to the failure to give a requested charge on reasonable doubt and suggested that the charge given was insufficient. The court stated, "I have my own charge on reasonable doubt and I stand by it." Counsel then raised a question as to the appellant's requested charge No. 17,[3] but assigned no grounds for the objection. The

2. So written in the reporter's transcript.

3. The defendants are charged under the indictment with one particular conspiracy, and the evidence must sustain and establish the particular conspiracy charged.

record shows the statement then made by the court as being, "I think that is entirely material." The court probably said, certainly intended to say and was clearly understood as having said, that the appellant's requested instruction No. 17 was immaterial. We agree that the charge was not material. There were no facts shown from which a different conspiracy from that alleged in the indictment might be inferred.

After the court's ruling on the materiality of the requested charge No. 17, the record shows that the attorney for the appellant made this statement:

"The court realizes it is very difficult for me to follow all these instructions, without having copies of them in writing before me, and I am assuming the court's continuing objection which allows * * * to my rules objection."

To this the court responded, "Yes, sir," and made inquiry of Government counsel whether he wanted to say something.

After the jury had been out for some time, the jury requested and the court gave a further instruction on entrapment. No objection was then interposed as to the further charge. The appellant now says it was erroneous. After further deliberation the jurors reported that they had not reached a verdict on all counts as to all of the defendants. The court then gave the so-called dynamite charge which was supplemented at the suggestion of the appellant's attorney and apparently to his satisfaction.

■ We do not need to decide here whether the trial court can, by giving a

blanket exception to a litigant, dispense with the necessity of objecting to the refusal of the court to give requested charges or to the giving by the court of erroneous charges. Nor need we consider whether a ruling of the court refusing to give a requested charge, made before argument of counsel and before the jury is instructed, must be made the subject of an objection after instructions are given in order to preserve the point on appeal. These questions are not here present. As appears from the quoted statement of the court to counsel, the court intended to give the substance of every appropriate charge that had been requested, and counsel were asked to call the court's attention to any that were overlooked. In concluding its instructions to the jury, the court asked the jury to refrain from its deliberations until it was ascertained whether counsel desired the court to correct any errors. Thus it is shown by the record that instead of waiving the requirement of Rule 30,[4] the court recognized the necessity of a compliance with it and afforded counsel the opportunity required by the Rule. The appellant made an objection to the refusal to give his requested charge No. 17, and this point, which was properly preserved, has been discussed. The failure to make the required and invited objections to instructions refused or given remove from our consideration the assignments of error with respect to the other charges. Phelps v. United States, 5th Cir., 1958, 252 F.2d 49; Tomley v. United States, 5th Cir. 1957, 250 F.2d 549, cert. den. 356 U.S. 928, 78 S.Ct. 716, 2 L.Ed.2d 759; Estep v. United States, 5th Cir. 1955, 223

Even if you find the evidence establishes another conspiracy than the one charged, you cannot on that basis find the defendants guilty under this indictment.

4. At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. At the same time copies of such requests shall be furnished to adverse parties. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, but the court shall instruct the jury after the arguments are completed. No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury. Rule 30, Fed.Rules Crim.Proc. 18 U.S. C.A.

F.2d 19, cert. den. 350 U.S. 863, 76 S.Ct. 105, 100 L.Ed. 765; Schaffer v. United States, 5th Cir., 1955, 221 F.2d 17, 54 A.L.R.2d 820. We find no prejudicial error which calls for an application of the plain error rule. Cf. Thompson v. United States, 5th Cir. 1959, 272 F.2d 919, cert. den. 362 U.S. 940, 80 S.Ct. 805, 4 L.Ed.2d 769.

The judgment of the district court is Affirmed.