STATE OF NORTH CAROLINA v. CURTIS PEARSON, JR., (CASE No. 47-034)
AND
STATE OF NORTH CAROLINA v. THURLOW BELK, (CASE No. 47-035)

(Filed 29 March, 1967.)

1. **Criminal Law § 87—**

Denial of motions of defendants for separate trials under an indict-ment jointly charging them with the commission of a single offense, will not be held for error when at the time there is no reason to anticipate that the State would offer the admission of either defendant which might prejudice the others.

2. **Searches and Seizures § 1; Arrest and Bail § 3—**

Where the victim of a robbery gives a detailed description of his as-sailants and the vehicle used by them, and officers shortly thereafter apprehend a car and occupants fitting the descriptions, the circumstances furnish ample evidence of probable cause authorizing one of the officers in arresting defendants, and as an incident to the arrest, to make a search.

3. **Criminal Law § 74—**

The fact that during the progress of the trial one of defendants jointly indicted changes his plea from not guilty to guilty, does not require a new trial as to the other defendants when the court is careful to remove any prejudicial effect by charging the jury that the circumstance should not be considered against the co-defendants, that the fact that they were jointly indicted did not mean that defendants must all fail or succeed to-gether, and that the State was not relieved of its burden of proving each individual defendant guilty by the evidence and beyond a reasonable doubt.

APPEAL by defendants from *Froneberger, J.,* December 5, 1966 Regular Criminal Session, MECKLENBURG Superior Court.

The defendants, Curtis Pearson, Jr. and Thurlow Belk, together with one Fred Berry, Jr., were indicted by the Grand Jury at the May 9, 1966 Criminal Session, Mecklenburg Superior Court. The indictment charged the three above named with the felony of com-mon law robbery, by which the defendants forcibly took from one Albert William Jarrett the sum of $198.50 in money, his wallet, knife, glasses and identification card. The offense is alleged to have occurred on the outskirts of the City of Charlotte about midnight on April 10, 1966. The defendants were tried at the May 23, 1966 Session. From verdicts of guilty and prison sentences of 9 to 10 years, the defendants appealed. The case was heard in this Court at the Fall Term. New trials were ordered for error in the charge. The case is reported in 268 N.C. 320.

The defendants were again arraigned at the December 5 Crim-inal Session where they again entered pleas of not guilty. At or near the beginning of the State's evidence the defendant Berry, through

counsel, withdrew his original plea and entered a plea of guilty. The remaining defendants moved for a mistrial on the ground they were prejudiced by Berry's change of plea. The Court denied the motions. The defendants called and examined witnesses, but neither defendant testified in his own defense. The jury returned verdicts of guilty as to both defendants. From sentences of imprisonment of not less than 4 but not more than 8 years, each appealed.

*T. W. Bruton, Attorney General, George A. Goodwyn, Assistant Attorney General, for the State.*
  *Charles B. Merryman, Jr., for appellant Belk.*
  *James J. Caldwell for appellant Pearson.*

HIGGINS, J. The three defendants were arrested and charged in separate warrants with the common law robbery of Albert William Jarrett. However, they were jointly indicted in a single bill. The evidence, much of which is discussed in the former opinion of this Court, disclosed the following. About midnight the victim Jarrett informed a police officer that he had just been assaulted and robbed. His face was bloody and there was a knot on his head. He described his three assailants, one of whom had a white hat. They left the scene of the robbery in a white Buick automobile. An alarm was sent out over radio and three men, one with a white hat, in a white Buick which fitted the description, were halted by officers. As the officers sought to interrogate them, one attempted to hide a paper bag under the seat. The driver of the vehicle, Berry, consented for the officers to search the vehicle. The officers found, in addition to money on the person of the men, a knife, pocketbook, glasses and an identification card which Jarrett later identified as the items taken from him; some of these articles were in the paper bag.

At the first trial, upon arraignment, the defendants attempted to obtain separate trials by filing objections to the consolidation. Inasmuch as the three men were jointly charged in a single bill, we are treating the motions as requests for severance rather than objections to the joinder for trial. At the time the Court considered the motions for severance, the defendants were unable to show any reason in fact or law why there should be two or three trials for one offense alleged to have been committed by the three acting in concert. Neither of the accused made any incriminating admissions; hence, there was no reason to anticipate the State would offer the admission of either which might prejudice the others who were not parties to the admission. Such prejudicial admission is usually as-

signed as the ground for severance. The reason is altogether absent here.

When the arresting officer, a State's witness, sought to identify the articles found in the white Buick, the defendants objected on the ground the officer did not have a search warrant. A few minutes before, and a short distance away, the victim, his face bloody, complained to the officers of the robbery. He gave a detailed description of the men and the vehicle. After midnight, officers saw and stopped a white Buick with three men and a white hat riding in it. One of the men attempted to secrete a paper bag. These facts and circumstances furnished ample evidence of probable cause, authorizing the officers to make the arrest. As an incident to the arrest, the articles were obtained. *State v. Grant*, 248 N.C. 341, 103 S.E. 2d 339. In addition to the above, Berry, the driver of the vehicle, consented to the search.

Whether at the beginning, or at an early stage in the presentation of the State's evidence (the record does not disclose with certainty) the defendant Fred Berry, Jr., "requested the court to withdraw his plea of not guilty which he had previously entered and entered a plea of guilty of common law robbery. The State accepted the plea in open court in front of the jury. Subsequently the defendants Pearson and Belk moved the court . . . to declare a mistrial because of acceptance of such a plea in front of the jury. Motions overruled, and the defendants excepted." The defendants, by Assignment of Error No. 6, based on Exception No. 34, challenge as error the Court's failure to grant the motions for mistrial.

The defendant Berry, at the time he changed his plea, was represented by counsel. He and the appellants had been tried together, had been convicted at a prior term, and sentenced to 9 to 10 years in prison. This Court awarded a new trial for a narrow and technical but sound legal reason based on the condition of the record. The appellants do not suggest that the co-defendant Berry quit the contest for reason other than his realization that success was not in prospect. Berry's change of plea, of course, did not improve appellants' chances of acquittal. However, the Judge, careful to remove any prejudicial effect on the cause of the remaining defendants, charged the jury:

> "Another defendant, Fred Berry, Jr., was also indicted under the same bill of indictment but during the course of his trial and in the presence of the court he withdrew his plea of not guilty and entered a plea of guilty. This circumstance, ladies and gentlemen of the jury, you will in no wise hold against the defendants, Curtis Pearson, Jr., and Thurlow Belk, because the State is required to prove each individual guilty by the evi-

dence and beyond a reasonable doubt, irrespective of the fact that they may be charged in the same bill of indictment. It does not mean that they all rise and fall because they are charged the same in the same bill of indictment. That does not relieve the State of its burden of proving each individual guilty by the evidence and beyond a reasonable doubt."

The appellants cited as authority for a new trial the Court's opinion in *State v. Kerley,* 246 N.C. 157, 97 S.E. 2d 876. In *Kerley,* a co-defendant, during the trial, withdrew his plea of not guilty and entered a plea of *nolo contendere.* The Court awarded a new trial not because of the plea but because of the prejudicial use the solicitor made of the plea in his argument to the jury. The solicitor argued that Kerley's friend and companion, Powell, by his plea of *nolo contendere,* had admitted participation in the crime. Kerley's counsel objected to the argument, the Court overruled the objection, and the solicitor amplified his argument. This Court stated: "* * * the withdrawal by Powell of his plea of not guilty and the tender and acceptance of a plea of *nolo contendere,* under the circumstances stated, would not of itself, standing alone, constitute prejudicial error as to Kerley." *State v. Kerley, supra; State v. Bryant,* 236 N.C. 745, 73 S.E. 2d 791; *State v. Hunter,* 94 N.C. 829.

In view of the Court's instruction, which we must assume the jury followed, the change of plea entered by Berry and the other matters which are the subjects of exceptive assignments, do not disclose any reason in law why the verdicts and judgments should be disturbed.

No error.