State v. Heard

STATE OF NORTH CAROLINA v. CALLOWAY HEARD AND
RONALD EXCELL JONES

No. 733SC642

(Filed 12 December 1973)

1. **Constitutional Law § 31; Criminal Law § 95— implicating statement of testifying codefendant**

   Defendant was not prejudiced by his joint trial with a codefendant and by the admission of the codefendant's in-custody statements implicating defendant where the codefendant took the stand and was cross-examined by defendant.

2. **Constitutional Law § 31; Criminal Law § 95— implicating statement of nontestifying codefendant — harmless error**

   Although the trial court erred in the admission of a nontestifying codefendant's in-custody statements which implicated defendant, such error was harmless beyond a reasonable doubt in light of the State's other evidence of defendant's guilt.

APPEAL by defendants from *Blount, Judge,* 23 April 1973 Session of Superior Court held in CRAVEN County.

Defendants were charged in separate bills of indictment with the armed robbery of Jessie Wilson on 9 February 1973 and taking from him the sum of $12.00. They pleaded not guilty.

Evidence presented by the State tended to show:

On 9 February 1973, Wilson was operating a store some three miles north of Vanceboro on Highway 43. Between 10:00 a.m. and 12:00 noon, defendants and three others went to Wilson's store, played one or two games of pool, defendant Jones bought and ate a sandwich, and then they all left. Around 2:00 p.m. of the same day, Mr. Mumford delivered some gasoline to Wilson, and while Wilson and Mumford were settling for the gasoline, defendants entered the store again. Defendant Heard put a gun near Wilson's face and "shot" him with a blank. When Wilson asked defendant Heard what he meant, Heard "shot" him in the face again and said it was a hold-up. About that time defendant Jones "shot" Mumford in his face, told him to "stand over there and chunk his pocketbook on the drink box." Thereafter, defendant Heard took a filled Pepsi-Cola bottle and beat Wilson over his head with it "until it shattered all to pieces except for a piece of the neck." Blood from Wilson's head spattered on the wall of the store to the extent "it looked like it had

State v. Heard

been a hog killing." Heard took Wilson's wallet containing $8.00 or $10.00 from Wilson's pocket after which defendants left the store. Police were called and Wilson was taken to New Bern to the hospital where some 20 stitches were taken to close the wounds on his head.

Around 2:00 p.m. or a little later, Deputy Sheriff Rowe and Deputy Sheriff Pritchard, after getting information over their radio about the robbery including descriptions of defendants, began patrolling the roads in the vicinity of Wilson's store. After a short while, they observed two black males (later identified as defendants) walking toward them on a dirt road approximately a mile and a half from Wilson's store. Upon approaching the two males, Deputy Rowe observed a red substance on defendant Heard's coat in the right wrist area. The deputies drove up to defendants, stopped and got out. After a few words were exchanged between the police and defendants, a .22 caliber blank pistol that would expel blank cartridges or gas, and a .22 caliber revolver containing six live bullets, were removed from Heard's pants pocket. The blank pistol had six expelled blank cartridges in it.

Defendants were placed under arrest and were carried to the courthouse in New Bern. After having their rights explained to them, each defendant signed a waiver of rights and agreed to answer questions. (A voir dire hearing in the absence of the jury was conducted by the court, and the statements made by them were adjudged to be freely and voluntarily given.)

Defendant Heard told police that he went to Wilson's store with two other persons for purpose of robbing the store; that they all "knew what they were going for"; that he shot his gas gun three or four times and got Wilson's wallet; that he hit Wilson twice with a Pepsi-Cola bottle and glass from the bottle cut his hand; that he took $8.00 from the wallet. Defendant Jones strenuously objected to the introduction of the statement made by defendant Heard and the court instructed the jury to consider the statement only as against defendant Heard.

Deputy Rowe testified that defendant Jones admitted going to Wilson's store and telling the other boys "let's get out of here"; that they went to the store in a Plymouth automobile belonging to defendant Jones; that "they had to have money to get back to Alabama." Defendant Heard objected to the introduction of Jones' statement to the officers and the court instructed

the jury to consider that statement only as against defendant Jones.

Defendant Heard offered no evidence. Defendant Jones, as a witness for himself, gave testimony summarized in pertinent part as follows: He is a resident of Grifton, N. C. On 9 February 1973 he got up around 9:30 a.m. and he, together with his brother-in-law, Chester Atkinson, a resident of Alabama, and defendant Heard (whom Jones had known for several months) proceeded to go riding in Jones' Plymouth. With Jones driving, they went to Winton, N. C., drinking intoxicants as they traveled. At Winton they purchased a pint of whiskey and some beer, turned around and went to Williamston where Jones turned the driving chore over to Atkinson. Jones' back was hurting so he took a pill and lay down on the back seat. He overheard Heard and Atkinson talking about needing some money. They drove up in front of Wilson's store and Jones and Heard went in, Jones going in for purpose of getting some cigarettes. Very soon after they entered the store, to Jones' surprise, Heard pulled a pistol and began shooting something like tear gas that burned Jones' eyes. Jones then saw Heard beating Wilson after which Jones ran to the door and said, "Man, let's get away from here." When Jones got out of the store, his car and Atkinson were gone. Jones was soon joined by Heard and they left the store walking. Some distance down the road they went to a house and tried to get a lady to take them to Grifton but the lady did not have a car. They returned to the road and were walking when police picked them up. Jones did not hit anybody in the store, did not take anything and had no evil purpose in going to the store. Jones denied that he and Heard went to Wilson's store that morning.

The jury for their verdicts found each defendant guilty of armed robbery and from judgments imposing prison sentences of not less than 25 nor more than 30 years on each of them, with credit for time spent in custody awaiting trial, defendants appealed.

*Attorney General Robert Morgan by Walter E. Ricks III, Assistant Attorney General, for the State.*

*Robert G. Bowers for defendant appellant Calloway Heard.*

*Michael P. Flanagan and C. H. Pope, Jr., for defendant appellant Ronald Excell Jones.*

State v. Heard

BRITT, Judge.

## DEFENDANT HEARD'S APPEAL

[1]  Defendant Heard assigns as error the consolidation of his and defendant Jones' cases for trial, contending that he was prejudiced by the joint trial of the cases and particularly the evidence relating to the in-custody statement made by defendant Jones. We find no merit in the assignment.

It is well settled that ordinarily the trial court may order that prosecutions of several defendants for offenses growing out of the same transaction be consolidated for trial. 2 Strong, N. C. Index, Criminal Law, § 92, pp. 623-624. However, this principle appears to be subject to the holding stated in *State v. Fox*, 274 N.C. 277, 291, 163 S.E. 2d 492, 502 (1968), as follows:

> ". . . [I]n joint trials of defendants it is necessary to exclude extrajudicial confessions unless all portions which implicate defendants other than the declarant can be deleted without prejudice either to the State or the declarant. If such deletion is not possible, the State must choose between relinquishing the confession or trying the defendants separately. The foregoing pronouncement presupposes (1) that the confession is inadmissible as to the codefendant (see *State v. Bryant, supra* [250 N.C. 113, 108 S.E. 2d 128]), and (2) that the declarant will not take the stand. *If the declarant can be cross-examined, a codefendant has been accorded his right to confrontation.* See *State v. Kerley, supra* [246 N.C. 157, 97 S.E. 2d 876] at 160, 97 S.E. 2d at 879." (Emphasis added.)

See also *State v. Wright*, 282 N.C. 364, 192 S.E. 2d 818 (1972).

In the case at bar, defendant Jones (the declarant) took the witness stand and was cross-examined by defendant Heard. Therefore, we perceive no prejudice to defendant Heard.

## DEFENDANT JONES' APPEAL

[2]  Although in his brief defendant Jones argues several assignments of error, he placed greatest stress on assignment number 2 in which he contends the trial judge erred by allowing into evidence the in-custody confession of codefendant Heard. The part of the confession that defendant Jones contends was most damaging to him was the following statement: "That

he and two other men went to the store; that all of them knew what they were going there for and what they were going to do after they got there, and he and two other persons stated and agreed that if they got caught they would not tell on the other."

Inasmuch as defendant Heard did not take the witness stand, we think the holding in *Fox,* quoted above, applies and the court committed error as to defendant Jones in admitting that part of defendant Heard's confession implicating defendant Jones. However, considering the strong admissible evidence presented against defendant Jones, we hold that the error was harmless beyond a reasonable doubt. *State v. Cox,* 281 N.C. 275, 188 S.E. 2d 356 (1972); *State v. Doss,* 279 N.C. 413, 183 S.E. 2d 671 (1971); *State v. Jones,* 280 N.C. 322, 185 S.E. 2d 858 (1972); *Harrington v. California,* 395 U.S. 250, 23 L.Ed. 2d 284, 89 S.Ct. 1726 (1969).

We have considered the other assignments of error brought forward and argued in defendant Jones' brief but find them to be without merit.

In the trial of both defendants, we find

No error.

Judges MORRIS and BALEY concur.