UNITED STATES of America,
Plaintiff-Appellee,

v.

Jesse Gonzalez ALDACO and Guadalupe
Navarro, Defendants-Appellants.

No. 76–4310.

United States Court of Appeals,
Fifth Circuit.

Dec. 9, 1977.

Philip S. Greene, Gerald M. Birnberg, Houston, Tex., for defendants-appellants.

J. A. Canales, U. S. Atty., James R. Gough, Ronald H. Tonkin, George A. Kelt, Jr., Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before GOLDBERG and MORGAN, Circuit Judges, and WYZANSKI, Senior District Judge.*

WYZANSKI, Senior District Judge:

The appellants, Jesse Gonzalez Aldaco and Guadalupe Navarro, were charged together with a co-defendant, Mary Rangel Rodriguez, in a two-count indictment. The first count charged the appellants with conspiring to distribute heroin in violation of Title 21, United States Code, Sections 846 and 841(a)(1); the second count charged them with possessing heroin with the intent to distribute it in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2. The court severed the case against Mary Rangel Rodriguez. Thereafter the appellants Aldaco and Navarro were tried before a judge and jury and were convicted on both counts. From these convictions they appeal.

Only one of the points made by appellants now requires our attention. They allege error by the trial court in having allowed the co-defendant whose case had been severed, Mary Rangel Rodriguez, to testify, over the objection of the defendants, that in an earlier trial of her upon the identical indictment she had been convicted by a jury.

It appears from the record that in the trial of appellants Aldaco and Navarro the prosecutor called to the witness stand Mary Rangel Rodriguez and put to her the following four questions:

1. Your name is Mary Rangel Rodriguez?

2. You are 39 years of age?

3. So that we know who you are, you are the same Mary Rodriguez that was found guilty by a jury on Tuesday in this criminal case, is that correct?

4. Now, Miss Rodriguez, on June 30, 1975, did you have in your purse, when arrested by Special Agents of the Federal Narcotics Agency, heroin?

Appellants contend—and we see no reason for disagreeing with their contention—that the real purpose in calling Mary Rangel

---

* Senior District Judge for the District of Massachusetts, sitting by designation.

Rodriguez to the witness stand and putting to her those four questions was to inform the jury which was trying appellants that another jury had found her guilty of the very offenses of which appellants were accused.

It is elementary that "the previous conviction of others charged with the same criminal offense is not proof of appellant's guilt of that offense." *Leroy v. Government of Canal Zone*, 5 Cir., 1936, 81 F.2d 914. Furthermore, and more directly to the point, it was gravely prejudicial to advise a jury that a person indicted as a co-defendant had been found guilty. Compare *United States v. Harrell*, 5 Cir., 1970, 436 F.2d 606, 614–618. There were no special circumstances which made such prejudicial testimony admissible as there were in *United States v. King*, 5 Cir., 1974, 505 F.2d 602, 607, or *United States v. Cook*, 5 Cir., 1972, 461 F.2d 906, 910–11, or *Fahning v. United States*, 5 Cir., 1962, 299 F.2d 579. On the contrary, it seems to us plain that the testimony of Mary Rangel Rodriguez added nothing of probative value and was a calculated tactic of the prosecution to place before the jury wholly inadmissible testimony. Furthermore, despite objection of defense counsel, the trial court did not undertake to caution the jury regarding any limitation of the purpose, if there was a legitimate one, of the evidence of Mary Rangel Rodriguez. Indeed the court went so far as to say "I am going to let them [the jury] know what the jury in the previous case did . . ."

The prejudice to appellants was so obvious and so severe that we reverse the judgments of conviction on that score without addressing ourselves to any other point raised in the case.

*Judgments of Conviction reversed.*