**Pedro Lavania DURAN, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

No. 25964.

United States Court of Appeals,
Fifth Circuit.

April 23, 1970.

der form furnished to the transferee by the Internal Revenue Service. Duran contends that reversal is required on two grounds: (1) The district court erred in denying his motion for a mistrial as a result of statements made by two witnesses; (2) his conviction under § 4742(a) violates his fifth amendment right against self-incrimination.

■ The first statement, upon which Duran based his motion for a mistrial, was made by government witness Edward G. Bludworth, a former agent of the Florida Bureau of Narcotics. He testified that he had met Duran prior to the events giving rise to the present prosecution. Then he was asked when this meeting occurred, and he stated "That was around May and June of 1966 *during an investigation.*" (Emphasis added.) On objection by Duran, the court carefully instructed the jury to disregard any statement other than the dates. Thereafter it denied Duran's motion for a mistrial. We cannot say the district court abused its discretion. The gratuitous remark was not so inherently prejudicial as to be beyond the cure of the court's admonition.[1]

■ The second statement was made by Duran while testifying through an interpreter. In response to questions from his own counsel, Duran testified that he had been convicted of a crime on one previous occasion. On cross examination the government counsel asked where he had been convicted. Before his answer could be translated, Duran's counsel objected to further questions regarding the conviction. The objection was sustained. The government counsel then asked if the crime was a felony. Objection to this question was sustained when the word "felony" could not be translated into Spanish. If the jury was able to understand Duran's original testimony, the most they could have learned from this exchange was that an undefined but admitted criminal convic-

William T. Hodges (Court-Appointed), Tampa, Fla., for appellant.

Robert B. McGowan, U. S. Atty., Tampa, Fla., for appellee.

Before GEWIN and GODBOLD, Circuit Judges, and CHOATE, District Judge.

PER CURIAM:

Pedro Lavania Duran appeals from his conviction, following a jury trial, on a two count indictment charging separate violations of 26 U.S.C. § 4742(a). This section makes it unlawful to transfer marihuana except pursuant to an or-

1. *Compare* Fahning v. United States, 299 F.2d 579 (5th Cir. 1962), *with* Odom v. United States, 377 F.2d 853, 859–860 (5th Cir. 1967).

**232**

tion occurred in Tampa. We do not see how this could have prejudiced Duran.

 As an accused *transferor* of marihuana, Duran's contention that the fifth amendment right against self-incrimination bars his conviction under 4742(a) is foreclosed by the Supreme Court's recent decision in Minor v. United States.[2]

The judgment of the district court is affirmed.

2. 396 U.S. 87, 90 S.Ct. 284, 24 L.Ed.2d 283 (1969).